[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a fall at a nursing home in which the plaintiff, Arlene Langella, claims to have sustained personal injuries as a result of the professional negligence of the defendant, G-WZ of Stamford, Inc. In the fifth count of the complaint, the plaintiff's son, Anthony Langella, alleges that he suffered "mental anguish" as a result of his mother's injuries, which occurred when she attempted to stand while seated in a CT Page 5790 wheel chair.
The defendant has filed motion #108 to strike this fifth count on the basis that it attempts to set forth a claim for bystander emotional distress, which the defendant claims is not recognized in Connecticut, or at least is not recognized in medical malpractice cases under the authority of Maloney v.Conroy, 208 Conn. 392, 545 A.2d 1059 (1988). The recent case ofClohessy v. Bachelor, 237 Conn. 31, 46, ___ A.2d ___ (1996), indicates that this state recognizes a cause of action for bystander emotional distress. It is doubtful, however, that the case overrules Maloney because of the reference to "medical malpractice." Id., 58. Even if medical malpractice cases were included within the scope of the Clohessy decision, the plaintiff, Anthony Langella, could not recover because he makes no claim that his emotional injury was "caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location." Id., 56.
The plaintiff claims, however, that the fifth count is not in malpractice, but rather sets forth a cause of action in fraudulent misrepresentation, and an examination of this count leads the court to the conclusion that the motion to strike must be denied for that reason. This count alleges that the defendant made certain representations regarding restraining Arlene Langella when she was in a wheel chair in order to prevent her from falling, that such representations were "false," that such representations induced Anthony Langella to commit his mother to the care of the defendant, that he relied on these representations, and that because the defendant did not conform to said representations, he sustained "mental anguish." These contentions constitute a cognizable cause of action under Kilduffv. Adams, Inc., 219 Conn. 314, 324, 593 A.2d 478 (1991) ("we concur with those jurisdictions that allow the recovery of emotional damages that are the natural and proximate result of fraud").
Accordingly, the defendant's motion to strike the fifth count of the complaint is denied.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of August, 1996. CT Page 5791
William B. Lewis, Judge